IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK HILLS MEDIA, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>LOGITECH INTERNATIONAL SA,<br><br>*Defendant.* | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Black Hills Media, LLC ("Black Hills" or "Plaintiff"), for its Complaint against LogiTech International SA ("Defendant"), states and alleges as follows:

## THE PARTIES

1. Plaintiff Black Hills Media, LLC, is a Delaware limited liability company having its principal place of business at 1000 N. West St., Suite 1200, Wilmington, Delaware 19801.

2. Upon information and belief, Defendant LogiTech International SA is a Delaware corporation with its principal place of business at 6505 Kaiser Drive, Fremont, California 94555.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, specifically §§ 271 and 281-285. This Court has subject matter jurisdiction under Title 28 United States Code §§ 1331 and 1338(a).

4. Personal jurisdiction over Defendant comport with the United States Constitution and 10 Del. C. § 3104 of the Delaware Code because Defendant has committed and continues to

#844 v1

commit acts of patent infringement in this district as alleged in this Complaint and additionally, Defendant is a citizen of this state.

5. Venue is properly within the district under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

6. Black Hills owns all of the rights and interests in United States Patent Nos. 8,045,952 (the "'952 Patent"); 8,050,652 (the "'652 Patent"); and 6,985,694 (the "'694 Patent") (collectively, the "Patents in Suit").

7. The '952 Patent entitled "Method and Device for Obtaining Playlist Content Over a Network" was duly and legally issued by the United States Patent and Trademark Office on October 25, 2011, after full and fair examination. A copy of the '952 Patent is attached as Exhibit A.

8. The '652 Patent entitled "Method and Device for an Internet Radio Capable of Obtaining a Playlist Content From a Content Server" was duly and legally issued by the United States Patent and Trademark Office on November 1, 2011, after full and fair examination. A copy of the '652 Patent is attached as Exhibit B.

9. The '694 Patent entitled "Method and System for Providing an Audio Element Cache in a Customized Personal Radio Broadcast" was duly and legally issued by the United States Patent and Trademark Office on January 10, 2006, after full and fair examination. A copy of the '694 Patent is attached as Exhibit C.

10. Defendant sells and distributes, including upon information and belief within the District of Delaware, at least the following: Squeezebox Radio model number X-R0001;

Squeezebox Duet model numbers C-RL65, C-RL66, and C-RM66; Squeezebox Boom model number X-RB2; Squeezebox Transporter SE model number C-RJ63; and Squeezebox Touch.

## COUNT I

### INFRINGEMENT OF THE '952 PATENT

11. Plaintiff incorporates each of the preceding paragraphs 1 - 10 as if fully set forth herein.

12. Defendant is directly or indirectly infringing the '952 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '952 Patent without authority, including but not limited to the products identified in preceding paragraph 10, or by contributing to or inducing infringement of the '952 Patent by a third party.

13. Upon information and belief, Defendant has willfully infringed, directly and/or indirectly, the Patents in Suit by having deliberately engaged in their infringing conduct in knowing disregard of the Patents in Suit and have acted objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the Patents in Suit.

14. The infringement by the Defendant of the '952 Patent has injured Black Hills and will cause Black Hills added irreparable injury and damage in the future unless Defendant is enjoined from infringing the '952 Patent.

3

## COUNT II

### INFRINGEMENT OF THE '652 PATENT

15. Plaintiff incorporates each of the preceding paragraphs 1 - 14 as if fully set forth herein.

16. Defendant is directly or indirectly infringing the '652 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '652 Patent without authority, including but not limited to the products identified in preceding paragraph 10, or by contributing to or inducing infringement of the '652 Patent by a third party.

17. Upon information and belief, Defendant has willfully infringed, directly and/or indirectly, the Patents in Suit by having deliberately engaged in their infringing conduct in knowing disregard of the Patents in Suit and have acted objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the Patents in Suit.

18. The infringement by the Defendant of the '652 Patent has injured Black Hills and will cause Black Hills added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '652 Patent.

## COUNT III

### INFRINGEMENT OF THE '694 PATENT

19. Plaintiff incorporates each of the preceding paragraphs 1 - 18 as if fully set forth herein.

4

20. Defendant is directly or indirectly infringing the '694 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '694 Patent without authority, including but not limited to the products identified in preceding paragraph 10, or by contributing to or inducing infringement of the '694 Patent by a third party.

21. Upon information and belief, Defendant has willfully infringed, directly and/or indirectly, the Patents in Suit by having deliberately engaged in their infringing conduct in knowing disregard of the Patents in Suit and have acted objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the Patents in Suit.

22. The infringement by Defendants of the '694 Patent has injured Black Hills and will cause Black Hills added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '694 Patent.

## DEMANDS FOR RELIEF

WHEREFORE, Black Hills respectfully requests that judgment be entered in its favor and against Defendant as follows:

a. That Defendant has directly and/or indirectly infringed the '952, '652, and '694 patents;

b. That Defendant's direct and/or indirect infringement of the '952, '652, and '694 patents has been willful;

  c. That Defendant and their respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, be temporarily and permanently enjoined from infringement of the '952, '652, and '694 patents;

  d. That Defendant be ordered to account for and pay to Black Hills the damages to which Black Hills is entitled as a consequence of the infringement of the '952, '652, and '694 patents, together with pre-judgment interest and costs;

  e. That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '952, '652, and '694patents;

  f. That all other damages permitted by Title 35 United States Code § 284, including increased damages up to three times the amount of compensatory damages found be awarded;

  g. That Black Hills be awarded its costs and attorneys' fees; and

  h. That Black Hills be awarded such other and further relief as the Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Black Hills respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

Dated: May 22, 2012

Of Counsel:

R. Terrance Rader
Glenn E. Forbis
RADER, FISHMAN & GRAUER PLLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Tel: (248) 594-0600
Fax: (248) 594-0610

_____
Patricia P. McGonigle (DE 3126)
Kevin A. Guerke (DE 4096)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
pmcgonigle@svglaw.com
kguerke@svglaw.com

*Attorneys for Plaintiff Black Hills Media, LLC*