# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACK HILLS MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 12-636 (RGA) |
| v. | ) | |
| | ) | |
| LOGITECH INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT LOGITECH INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(e)

OF COUNSEL:

I. Neel Chatterjee
Zheng Liu
Anthony Tartaglio
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: January 11, 2013

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorney for Defendant Logitech Inc.*

# TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEeDINGS............................................................1

II.  SUMMARY OF ARGUMENT...........................................................................................1

III. STATEMENT OF FACTS..................................................................................................2

   A.   Plaintiff's Original Complaint (D.I. 1) ......................................................................2

   B.   Plaintiff's First Amended Complaint (D.I. 3)............................................................2

   C.   The Patents-In-Suit ....................................................................................................5

IV.  LEGAL STANDARDS FOR DECIDING RULE 12(b)(6) MOTION ...............................6

V.   PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO ADEQUATELY PLEAD
    DIRECT, INDIRECT, AND WILLFUL INFRINGEMENT .................................................7

   A.   Plaintiff's Direct Infringement Allegations Don't Comply With Form 18 ..........8

   B.   Plaintiff Has Not Adequately Pled Either Form Of Indirect Infringement (Inducement or
      Contributory) For Any Time Period (Before or After This Lawsuit Was Filed) ...............9

      1.   Indirect Infringement Is Analyzed Under *Twombly/Iqbal* .............................9

      2.   Indirect Infringement Requires Actual Knowledge......................................10

      3.   Putting Aside Actual Pre-Lawsuit Knowledge, Plaintiff Failed To Plead Other
         Requirements Of Indirect Infringement .....................................................11

   C.   Willfulness Is Not Properly Predicated On Post-Filing Knowledge ..................14

VI.  ANY CAUSE OF ACTION THAT IS NOT DISMISSED UNDER RULE 12(b)(6)
    SHOULD BE MORE DEFINITIVELY STATED UNDER RULE 12(e)...........................15

VII. CONCLUSION ..................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

CASES

*Aeritas, LLC v. Alaska Air Group, Inc.*,
    C.A. No. 1:11-cv-00967-SLR, 2012 U.S. Dist. LEXIS 140038 (D. Del. Sept. 28,
    2012)............................................................................................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................6, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................6, 9

*Chalumeau Power Systems LLC v. Alcatel-Lucent*,
    C.A. No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809 (D. Del. Jul. 18, 2012).............10-11

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) (en banc) ..........................................................................11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004) ........................................................................................12

*Eidos Communications, LLC v. Skype Techs. SA*,
    686 F. Supp. 2d 465 (D. Del. 2010) ....................................................................................8

*Eidos Communications, LLC v. Skype Techs. SA*,
    C.A. No. 1:09-cv-00234-SLR-MPT, 2010 U.S. Dist. LEXIS 118774 (D. Del. Nov. 9,
    2010)......................................................................................................................16, 17

*Execware, LLC v. Staples, Inc.*,
    C.A. No. 11-836-lLPS, 2012 U.S. Dist. LEXIS 174885 (D. Del. Dec. 10, 2012) .......11, 14-15

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ..........................................................................................6-7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011)....................................................................................................11

*HSM Portfolio LLC v. Fujitsu Ltd.*,
    C.A. No. 1:11-cv-00770-RGA, 2012 U.S. Dist. LEXIS 92167 (D. Del. Jul. 3, 2012) ...........15

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ..................................................................................12, 13

*Monec Holding AG v. Motorola Mobility, Inc.*,
    C.A. No. 11-798-LPS, 2012 U.S. Dist. LEXIS 108993 (D. Del. Aug. 3, 2012).....................13

*Pragmatus AV, LLC v. Yahoo! Inc.*,
    C.A. No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874 (D. Del. Nov. 13, 2012)....Passim

*Superior Industries., LLC v. Thor Global Enterprise. Ltd.*,
    700 F.3d 1287, 2012 U.S. App. LEXIS 24441 (Fed. Cir. 2012)................................8-9, 12, 14

**STATUTES AND RULES**

35 U.S.C. § 271(a) ................................................................................................................8-9

35 U.S.C. § 271(b) ................................................................................................................11, 12

35 U.S.C. § 271(c) ................................................................................................................9, 14

Fed. R. Civ. P. 4(m) ............................................................................................................2-3

Fed. R. Civ. P. 12(b)(6) ......................................................................................................Passim

Fed. R. Civ. P. 12(e) ..........................................................................................................2, 15, 17

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Black Hills Media, LLC ("Black Hills") sued Defendant Logitech Inc. ("Logitech") for alleged infringement of three patents[1] on May 22, 2012, and filed an Amended Complaint on September 12, 2012, adding three more patents.[2]  Logitech's response is due January 11, 2013.  (D.I.9)

## II.  SUMMARY OF ARGUMENT

1.  Plaintiff's operative pleading is vague and confusing, and fails to provide Logitech with notice of its infringement allegations.  A recent Federal Circuit opinion reconfirms the inadequacy of Plaintiff's indirect infringement allegations, and calls into question whether Plaintiff adequately pled direct infringement by failing to allege that it provided "notice" of the Patents-in-suit.  There is certainly no allegation of pre-lawsuit "knowledge" of the Patents-in-suit, which mandates dismissal of Plaintiff's legally baseless willfulness allegations as well as any inducement claim.

2.  Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because:

- The direct infringement claim fails to meet the requirements of Form 18.

- The contributory infringement claim fails to plead any facts, let alone lack of substantial non-infringing use.

- The inducement claim fails to plead any pre-lawsuit "knowledge" of the Patents-in-suit and fails to plead any "specific intent" to induce direct infringement.

- All the willfulness claims rely exclusively on post-filing conduct and fail to plead pre-lawsuit "knowledge" of the Patents-in-suit.

---

[1] The original Complaint alleged infringement of U.S. Patent Nos. 8,045,952 ("the '952 Patent"), 8,050,652 ("the '652 Patent"), and 6,985,694 ("the '694 Patent").

[2] In addition to the previously asserted '952, '652, and '694 Patents, the Amended Complaint alleged infringement of U.S. Patent Nos. 6,108,686 ("the '686 Patent"), 8,230,099 ("the '099 Patent"), and 8,214,873 ("the '873 Patent") (collectively, "the Patents-in-suit").

3.     Any further amended pleading should be stripped of causes of action that fail to state claims upon which relief can be granted.  At a minimum, Plaintiff should be required to provide a more definite statement of its confusing infringement allegations against Logitech under Fed. R. Civ. P. 12(e).  Finally, any further amended pleading should clarify what is alleged on a patent-by-patent basis.

## III.     STATEMENT OF FACTS

### A.     Plaintiff's Original Complaint (D.I. 1)

Plaintiff asserted its May 22, 2012 Complaint (D.I. 1) against Logitech International S.A., a Swiss corporation which does not make or sell any of the allegedly infringing products in the U.S. or elsewhere. In the Complaint, Plaintiff pled a "Count" for each asserted patent that vaguely, and in the alternative, alleged direct or indirect infringement.  (*Id.* at ¶¶ 12, 16, 20.) Each of the three Counts also included a vague "willfulness" allegation.  (*Id.* at ¶¶ 13, 17, 21.) The original Complaint did not include a "notice" allegation, nor anything to plausibly suggest that Logitech had actual pre-lawsuit knowledge of the three initially asserted patents.

### B.     Plaintiff's First Amended Complaint (D.I. 3)

Plaintiff never served the original Complaint.  Instead, on September 12, 2012, just a week before its lawsuit would have been subject to dismissal under Fed. R. Civ. P. 4(m), Plaintiff filed a First Amended Complaint (D.I. 3), adding Logitech and non-existing party Logitech, LLC as defendants, and adding three more patents to the lawsuit.  Plaintiff failed to serve the Summons and Amended Complaint.  On October 4, 2012, Logitech waived the formal service requirement in exchange for an extension of the time to answer or otherwise respond to the First Amended Complaint against Logitech until January 11, 2013. (D.I. 8).  On November 29, Plaintiff and Logitech stipulated to dismiss Logitech International S.A. from the lawsuit without prejudice. (D.I. 10).  Logitech, LLC appears to be a non-existing entity.

The Amended Complaint was similar in structure to the original Complaint, with the now six "Counts" employing a standard framework of eight paragraphs each.  The first three Counts

were directed to the three patents that had been asserted in the original Complaint (*i.e.*, the '952, '652, and '694 Patents), while the last three Counts were directed to the newly added patents (*i.e.*, the '686, '099, and '873 Patents). The first three Counts differed from the last three Counts only with respect to the third and seventh paragraphs of each Count, as shown below:

[¶1[3]]  Plaintiff incorporates each of the preceding paragraphs 1 – [#] as if fully set forth herein.

[¶2[4]]  Defendant is directly or indirectly infringing at least [asserted claim(s)] of the [] Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the [] Patent without authority, including but not limited to the products identified in preceding paragraph 13, or by contributing to or inducing infringement of the [] Patent by a third party.

*[¶3 – this paragraph differs depending upon whether the patent was asserted in the original Complaint (¶3(a)) or added in the Amended Complaint (¶3(b)):]*

[¶3(a)[5]]  Upon information and belief, after becoming aware of the [] Patent and its infringement thereof, Defendant is knowingly inducing third party infringement of the [] Patent.

[¶3(b)[6]]  At least upon the filing of this First Amended Complaint, Defendant is aware of the [] Patent and its infringement, including third party infringement, thereof.

[¶4[7]]  Defendant's inducement of infringement of the [] Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendant's products in ways that infringe the [] Patent. Defendant ships the accused products with pre-loaded streaming services (including Internet subscription services) and/or provides detailed instructions to third parties on how to download streaming services to the accused products.

---

[3] D.I. 3 at ¶¶ 16, 24, 32, 40, 48 and 56.

[4] *Id.* at ¶¶ 17, 25, 33, 41, 49, and 57.

[5] *Id.* at ¶¶ 18, 26 and 34.

[6] *Id.* at ¶¶ 42, 50 and 58.

[7] *Id.* at ¶¶ 19, 27, 35, 43, 51 and 59.

[¶5[8]] Examples of such instructions can be found in the following links to the Defendant's website and the attached Exhibit G: [*lists three internet addresses*]

[¶6[9]] Defendant knew or should have known that its encouragement and instructions to third parties results in infringement of the [] Patent. Defendant is thus liable for inducing infringement of the [] Patent pursuant to 35 U.S.C. 271(b).

*[¶7 – this paragraph differs depending upon whether the patent was asserted in the original Complaint (¶7(a)) or added to the Amended Complaint (¶7(b)):]*

> [¶7(a)[10]] Upon information and belief, since the filing of the First Complaint in which the [] Patent was included Defendant has willfully infringed, directly and/or indirectly, the [] Patent by having deliberately engaged in its infringing conduct in knowing disregard of the [] Patent and has acted objectively and subjectively reckless in implementing technology in its products that it knew or should have reasonably known would infringe the [] Patent.

> [¶7(b)[11]] Upon information and belief, with the filing of this First Amended Complaint, Defendant has learned about the [] Patent and is willfully infringing, directly and/or indirectly, the [] Patent by deliberately engaging in its infringing conduct in knowing disregard of the [] Patent and is acting objectively and subjectively reckless in implementing technology in its products that it knew or should have reasonably known would infringe the [] Patent.

[¶8[12]] The infringement by the Defendant of the [] Patent has injured Black Hills and will cause Black Hills added irreparable injury and damage in the future unless Defendant is enjoined from infringing the [] Patent.

(*See generally* D.I. 3 at ¶¶ 16-63.) As with the original Complaint, there was no "notice" allegation, and nothing concrete to suggest that Logitech had actual pre-lawsuit knowledge of any of the six Patents-in-suit. Plaintiff's infringement allegations are even identically-worded in its First Amended Complaints against Yamaha Corporation of America, Logitech, Pioneer, and

---

[8] *Id.* at ¶¶ 20, 28, 36, 44, 52 and 60.

[9] *Id.* at ¶¶ 21, 29, 37, 45, 53 and 61.

[10] *Id.* at ¶¶ 22, 30 and 38.

[11] *Id.* at ¶¶ 46, 54 and 62.

[12] *Id.* at ¶¶ 23, 31, 39, 47, 55 and 63.

Sonos for the overlapping patents, even though these parties have substantially different products.[13]

## C.    The Patents-In-Suit

Plaintiff has asserted infringement of the following six patents in this lawsuit:

1. U.S. Patent No. 8,045,952, entitled "Method and device for obtaining playlist content over a network," issued on October 25, 2011 to Qureshey et al. ("the '952 Patent")

2. U.S. Patent No. 8,050,652, entitled "Method and device for an internet radio capable of obtaining playlist content from a content server," issued on November 1, 2011 to Qureshey et al. ("the '652 Patent")

3. U.S. Patent No. 6,985,694, entitled "Method and system for providing an audio element cache in a customized personal radio broadcast," issued on January 10, 2006 to De Bonet et al. ("the '694 Patent")

4. U.S. Patent No. 6,108,686, entitled "Agent-Based On-Line Information Retrieval and Viewing System," issued on August 22, 2000 to Williams, Jr. ("the '686 Patent")

5. U.S. Patent No. 8,230,099, entitled "System and Method for Sharing Playlists," issued on July 24, 2012 to Weel ("the '099 Patent")

6. U.S. Patent No. 8,214,873, entitled "Method, System, and Computer-Readable Medium for Employing a First Device to Direct a Networked Audio Device to Render a Playlist," issued on July 3, 2012 to Weel ("the '873 Patent")

(*See* D.I. 3 at ¶¶ 9-14.)   Copies of the six Patents-in-suit are attached as Exhibits A-F to the Amended Complaint, in which Plaintiff expressly identified the following asserted claims:

- Claim 9 of the '952 Patent (*see id.* at ¶ 17)

- Claims 1, 21, 42, and 63 of the '652 Patent (*see id.* at ¶ 25)

- Claim 1 of the '694 Patent (*see id.* at ¶ 33)

- Claims 1, 20 and 29 of the '686 Patent (*see id.* at ¶ 41)

- Claims 11 and 12 of the '099 Patent (*see id.* at ¶ 49)

- Claim 1 of the '873 Patent (*see id.* at ¶ 57)

The text of each of these asserted claims is set forth in the Appendix hereto.

Plaintiff's inducement allegations vaguely implicate "pre-loaded streaming services" (*see* D.I. 3 at ¶¶ 19, 27, 35, 43, 51 and 59), but none of the asserted claims recite the term "streaming"

---

[13] *See* 1:12-cv-00634-RGA, D.I. 3 (Pioneer); 1:12-cv-00635, D.I. 3 (Yamaha); 1:12-cv-00637, D.I. 3 (Sonos).

(or any form thereof). Moreover, Plaintiff's infringement allegations are substantively identical across the six Counts. These patents, however, are <u>not</u> all related patents. In fact, there are four distinct groups: the '952 and '652 Patents are related; the '873 and '099 Patents are related; and the '694 and the '686 Patents are not related to any other Patent-in-suit. The dates of the patents also span eleven years. In the past decade, technology has evolved dramatically in the field of streaming. Such distinctions demonstrate the deficiency in Plaintiff's inducement theory.

## IV.    LEGAL STANDARDS FOR DECIDING RULE 12(b)(6) MOTION

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

As summarized by the Third Circuit, in the wake of the Supreme Court's *Twombly* and *Iqbal* decisions, district courts "conduct a two-part analysis" when presented with a Rule 12(b)(6) motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

*Id.* at 210-11 (citing *Iqbal*, 556 U.S. at 678).

> Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

6

*Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

While a motion to dismiss for failure to state a claim implicates a procedural issue that is analyzed under the law of the regional circuit, courts in this District and elsewhere have considered Federal Circuit decisions "as strongly persuasive authority" when analyzing motions to dismiss pleadings in patent cases. *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874, at *4 n.1 (D. Del. Nov. 13, 2012).

## V.   PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO ADEQUATELY PLEAD DIRECT, INDIRECT, AND WILLFUL INFRINGEMENT

In its Amended Complaint, Plaintiff disjunctively alleges that Logitech "is directly **or** indirectly infringing" certain claims of the six Patents-in-suit "literally, **or** under the doctrine of equivalents ... **or** by contributing to **or** inducing infringement of the [Patents in Suit] by a third party."[14]  Plaintiff's willfulness allegations are similarly equivocal in contending that Logitech "has willfully infringed, directly **and/or** indirectly" the '952, '652, and '694 Patents (*i.e.*, the three patents that were asserted in both Complaints)[15], and "is willfully infringing, directly **and/or** indirectly" the '686, '099, and '873 Patents (*i.e.*, the three patents added by virtue of the Amended Complaint)[16].  Plaintiff even requests relief in the alternative:

> a.      That Defendant has directly **and/or** indirectly infringed the '952, '652, '694, '686, '099, and '873 Patents;

> b.      That Defendant's direct **and/or** indirect infringement of the '952, '652, '694, '686, '099, and '873 Patents has been willful[.][17]

Initially, this type of alternative phrasing is "disfavored" in pleadings.[18]  Thus, any amended pleading that Plaintiff is permitted should remove all uncertainty about the infringement theories Plaintiff intends to plead (such as contributory infringement).

---

[14] D.I. 3 at ¶¶ 17, 25, 33, 41, 49 and 57 (emphasis added).

[15] *Id.* at ¶¶ 22, 30 and 38 (emphasis added).

[16] *Id.* at ¶¶ 46, 54 and 62 (emphasis added).

[17] *Id.* at pp. 12-13 ("Demands for Relief") (emphasis added).

Whether Plaintiff should be allowed to re-plead is another question entirely. As described below, each of its claims of direct, indirect (inducement or contributory), and willful infringement suffer from debilitating deficiencies that mandate dismissal under Rule 12(b)(6). The defects underlying Plaintiff's inchoate and conclusory allegations of indirect infringement and willfulness are so severe that they should be dismissed with prejudice.

Finally, Plaintiff's infringement allegations are even identically-worded in its First Amended Complaints against Yamaha Corporation of America, Logitech, Pioneer, and Sonos for the overlapping patents, even though these parties do not have the same products.[19] It raises questions as to how much homework, if any, Plaintiff did before filing four nearly identical complaints against four defendants in four lawsuits before this Court.

## A.     Plaintiff's Direct Infringement Allegations Don't Comply With Form 18

In *Superior Industries., LLC v. Thor Global Enterprise. Ltd.*, 700 F.3d 1287, 2012 U.S. App. LEXIS 24441 (Fed. Cir. 2012), the Federal Circuit recently reiterated that "Form 18 of the Federal Rules of Civil Procedure provides the pleading standard" for direct infringement under 35 U.S.C. § 271(a).    2012 U.S. App. LEXIS 24441, at *17. (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)).    As summarized in *Superior*:

> **Form 18 requires** "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) **a statement that the plaintiff has given the defendant notice of its infringement**; and (5) a demand for an injunction and damages."

(Footnote continued from previous page.)

[18] *See, e.g., Pragmatus*, 2012 U.S. Dist. LEXIS 161874, at *36, n.5 ("Plaintiff's use of the phrase 'and/or' is disfavored by our Court, as the use of that phrase in this context does not give a defendant (or the Court) a clear indication as to whether a plaintiff intends to plead induced infringement, contributory infringement or both"); *Eidos Communications, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 469 (D. Del. 2010) ("Plaintiffs have not guided the course of discovery in this action by utilizing conditional language throughout their complaint.").

[19] *See* 1:12-cv-00634-RGA, D.I. 3 (Pioneer); 1:12-cv-00635, D.I. 3 (Yamaha); 1:12-cv-00637, D.I. 3 (Sonos).

*Id.* (quoting *Bill of Lading*, 681 F.3d at 1334) (emphasis added).

Plaintiff has failed to include the required "statement that the plaintiff has given the defendant notice of its infringement" in its pleading. Thus, *to the extent that Plaintiff intended to allege direct infringement*[20], Plaintiff's Amended Complaint fails to comply with Form 18 and its direct infringement claims are therefore subject to dismissal.[21]

As discussed below, Plaintiff's failure to allege that it "has given [Logitech] notice of its infringement" is relevant to its remaining allegations of indirect infringement and willfulness. The fact of the matter is that Plaintiff has no basis to allege that it gave Logitech notice of infringement *before* filing the present lawsuit, and thus no plausible basis to allege that Logitech had knowledge of the Patents-in-suit *before* it was sued for infringement in this case.

**B.     Plaintiff Has Not Adequately Pled Either Form Of Indirect Infringement (Inducement or Contributory) For Any Time Period (Before or After This Lawsuit Was Filed)**

**1.     Indirect Infringement Is Analyzed Under *Twombly/Iqbal***

In contrast with direct infringement, allegations of inducement under § 271(b) and contributory infringement under § 271(c) are measured by "the pleading requirements set forth in [*Twombly*] and [*Iqbal*]." *Superior*, 2012 U.S. App. LEXIS 24441, at \*19 (citing *Bill of Lading*, 681 F.3d at 1336). "Form 18 does not determine the sufficiency of pleading for claims of indirect infringement." *Id.* (citing *Bill of Lading*, 681 F.3d at 1336).

---

[20] Again, Plaintiff has only alleged direct infringement in the alternative. The word "direct" (or a form thereof) only appears twice in each "Count," and is exclusively used in the alternative with "indirect." In the second paragraph of each Count, Plaintiff alleges that Logitech "is directly **or** indirectly infringing" (D.I. 3 at ¶¶ 17, 25, 33, 41, 49 and 57; emphasis added); similarly, in the seventh paragraph of each Count, Plaintiff alleges willfulness based on "directly **and/or** indirectly" infringing actions (*id.* at ¶¶ 22, 30, 38, 46, 54 and 62; emphasis added).

[21] Courts analyzing direct infringement claims for compliance with Form 18 typically specify that this and the other requirements of Form 18 have been met. *See, e.g., Pragmatus*, 2012 U.S. Dist. LEXIS 161874, at \*13 ("Plaintiff alleges that it has provided Defendant with written notice of its infringement.") (citing paragraphs of pleading providing written notice).

## 2. Indirect Infringement Requires Actual Knowledge

In *Chalumeau Power Systems LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809 (D. Del. Jul. 18, 2012), this Court recognized that indirect infringement includes an "actual knowledge" component:

> Both induced infringement and contributory infringement require the defendant to know of the patent, and to know that the defendant's actions are either inducing or contributing to another's direct infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011) (actual, not constructive, knowledge required).

*Id.* at *2.

In the present case, Plaintiff has not clearly alleged that Logitech had "actual knowledge" of the Patents-in-suit before this lawsuit was filed (which it did not), but its allegations are so vague, it is hard to tell. For the three patents asserted in the original Complaint, Plaintiff alleges:

> Upon information and belief, after becoming aware of the [] Patent and its infringement thereof, Defendant is knowingly inducing third party infringement of the [] Patent.[22]

As alleged, it is unclear when Logitech purportedly first became aware of the '952, '652, and '694 Patents, but Plaintiff has *no plausible basis* to allege that Logitech knew about these patents before the lawsuit (and its "information and belief" preface is telling). Plaintiff's "aware" allegations for the three patents added by the Amended Complaint are similarly obtuse:

> At least upon the filing of this First Amended Complaint, Defendant is aware of the [] Patent and its infringement, including third party infringement, thereof.[23]

Again, there is *no plausible basis* in the Amended Complaint to infer that Logitech had pre-lawsuit knowledge of the recently added '686, '099, and '873 Patents – *two of which (the '099 and '873 Patents) issued after this lawsuit was filed* – although Plaintiff's "[a]t least upon" phrasing seems to have been intended to leave that possibility open.

---

[22] *Id.* at ¶¶ 18, 26 and 34.

[23] *Id.* at ¶¶ 42, 50 and 58.

Absent actual knowledge of a patent and infringing use, there can be no liability for indirect infringement of such patent. *See Global-Tech*, 131 S. Ct. at 2067-68. This Court has recognized that the filing of a lawsuit does not necessarily establish that a defendant had post-filing knowledge of infringing use. *See Chalumeau Power Systems*, 2012 U.S. Dist. LEXIS 142809, at *4 ("In this case, I do not think the Amended Complaint supplies any factual accompaniment that would convert the post-suit knowledge into a plausible allegation of knowledge of the infringing use."). The absence of pre-lawsuit knowledge *at least* disposes of any claim for indirect infringement before the original Complaint was filed for the '952, '652, and '694 Patents, and before the Amended Complaint was filed for the '686, '099, and '873 Patents.

"[P]re-suit knowledge of the patent must be alleged unless the plaintiff limits its cause of action for indirect infringement to post-litigation conduct." *Execware, LLC v. Staples, Inc.*, C.A. No. 11-836-LPS, 2012 U.S. Dist. LEXIS 174885, at *15 (D. Del. Dec. 10, 2012). Plaintiff's vague allegations of indirect infringement were not limited "to post-litigation conduct" (and neither was its vague "Demands for Relief"; *see* D.I. 3 at pp. 12-13), but they should be to the extent that this Court permits Plaintiff to plead indirect infringement at all. There are also other pleading deficiencies that further preclude Plaintiff's ability to pursue either form of indirect infringement for any time period.

### 3. Putting Aside Actual Pre-Lawsuit Knowledge, Plaintiff Failed To Plead Other Requirements Of Indirect Infringement

#### a. Plaintiff Did Not Adequately Plead Inducement

In addition to actual knowledge of the patent at issue, inducement under § 271(b) requires "specific intent to encourage another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc). "Accordingly, inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.*

Plaintiff's original Complaint contained conclusory allegations of inducement (D.I. 1 at ¶¶ 14, 18, and 22 ("by … inducing infringement of the [] Patent by a third party")) that Plaintiff has tried to augment in the Amended Complaint with the following accusations in each Count:

> [¶4] Defendant's inducement of infringement of the [] Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendant's products in ways that infringe the [] Patent. Defendant ships the accused products with pre-loaded streaming services (including Internet subscription services) and/or provides detailed instructions to third parties on how to download streaming services to the accused products.

> [¶5] Examples of such instructions can be found in the following links to the Defendant's website and the attached Exhibit G: [lists three internet addresses]

> [¶6] Defendant knew or should have known that its encouragement and instructions to third parties results in infringement of the [] Patent. Defendant is thus liable for inducing infringement of the [] Patent pursuant to 35 U.S.C. 271(b).

(See D.I. 3 at ¶¶ 19-21, 27-29, 35-37, 43-45, 51-53 and 59-61.) These paragraphs allege that Logitech actively encouraged and instructed unnamed "third parties" to use Logitech's accused products "in ways that infringe" each of the six Patents-in-suit, but Plaintiff does not allege that Logitech possessed the requisite "specific intent." As in *Pragmatus*, "there are insufficient facts alleged to lead to the plausible inference that [Logitech] specifically intended [third parties] to infringe the patents-in-suit." 2012 U.S. Dist. LEXIS 161874, at *46.[24]

Inducement also requires an underlying act of direct infringement that is induced. *See e.g., Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). While Plaintiff was not required to name specific entities that have allegedly directly infringed the Patents-in-suit, *see Bill of Lading*, 681 F.3d at 1336, something more than the uninformative

---

[24] In *Pragmatus*, Magistrate Burke recommended granting a motion to dismiss, *inter alia*, inducement claims against Yahoo! where there were "no factual assertions that go to Yahoo!'s specific intent to induce and encourage infringement--no factual allegations, for example, about the nature of the relationship between Defendant and its users, nor about how the use of Yahoo! Messenger relates to the patented methods referenced in the claims of the patents-at-issue." *Id. See also Superior*, 2012 U.S. App. LEXIS 24441, at *19 ("Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement of the '231 Patent or that it knew it had induced acts that constitute infringement.").

"third parties" would have been helpful. (In *Bill of Lading*, the pleading at issue at least identified "trucking customers.") In any event, Plaintiff *was* required to explain how these unnamed "third parties" purportedly directly infringed each Patent-in-suit.

Plaintiff's pleading is lacking as it only provided the *same* conclusory allegation for each of the six Patents-in-suit that Logitech "encourage[ed] and instruct[ed] third parties to use Defendant's products in ways that infringe" by virtue of "ship[ping] the accused products with pre-loaded streaming services (including Internet subscription services) and/or provid[ing] detailed instructions to third parties on how to download streaming services to the accused products."[25] As in *Pragmatus*, there are "no factual allegations … about how the use of [the accused products] relates to the patented methods referenced in the claims of the patents-at-issue." 2012 U.S. Dist. LEXIS 161874, at *46.

Plaintiff's duplicative Counts fail to distinguish between the six Patents-in-suit. As explained in Section II.C, *supra*, these are <u>not</u> all related patents; in fact, there are four distinct groups (which Plaintiff Black Hills appears to have purchased from multiple sources). Moreover, as shown in the Appendix hereto, the expressly asserted claims don't recite "streaming" and have myriad limitations that are unmentioned in Plaintiff's conclusory "one size fits all" inducement allegation. That "third parties" can access internet subscription services using Logitech's accused products does not thereby mean they directly infringe any of the asserted claims. This type of conclusory allegation was deemed insufficient in *Pragmatus* to plead inducement, and the fact that Logitech may have "provide[d] detailed instructions to third parties on how to download streaming services to the accused products" does not somehow salvage Plaintiff's inducement theory. *See, e.g., Monec Holding AG v. Motorola Mobility, Inc.*, C.A. No. 11-798-LPS, 2012 U.S. Dist. LEXIS 108993, at *21 (D. Del. Aug. 3, 2012) (finding that patentee's "conclusory averments" that alleged inducer "s[old], advertis[ed], suppli[ed] and

---

[25] D.I. 3 at ¶¶ 19, 27, 35, 43, 51 and 59.

instruct[ed] its respective customers on the use of the infringing product" were insufficient to establish specific intent).

Plaintiff's inducement allegations should be dismissed for failure to state a claim either before or after Logitech acquired knowledge of the Patents-in-suit by virtue of this lawsuit.

  **b.    Plaintiff Did Not Adequately Plead Contributory Infringement**

Regardless of whether Plaintiff intended to plead contributory infringement by alternatively alleging in each Count that Logitech is "... indirectly infringing ... by <u>contributing</u> <u>to</u> infringement of the [] Patent by a third party" (D.I. 3 at ¶¶ 17, 25, 33, 41, 49 and 57; emphasis added), that allegation should be stricken. Quite simply, Plaintiff failed to plead all the requirements of contributory infringement, including but not limited to "alleg[ing] that the accused products are 'especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use' as required by 35 U.S.C. § 271(c)." *Superior*, 2012 U.S. App. LEXIS 24441, at *19. Accordingly, to the extent Plaintiff intended to allege contributory infringement, that claim should be dismissed. *See, e.g., id.*; *Pragmatus*, 2012 U.S. Dist. LEXIS 161874, at *47-52.

  **C.    Willfulness Is Not Properly Predicated On Post-Filing Knowledge**

The absence of pre-lawsuit knowledge of the Patents-in-suit is also fatal to Plaintiff's conclusory willfulness claim. *See, e.g., Execware*, 2012 U.S. Dist. LEXIS 174885, at *19 ("Execware's failure to plead that Staples had pre-suit knowledge of the '139 patent is fatal to its claim for willful infringement."). Plaintiff did not plead pre-suit knowledge of the Patents-in-suit, and has no plausible basis to do so.

In alleging willfulness, Plaintiff appears to concede that Logitech did not know about the Patents-in-suit before the pleading that respectively introduced each set of three patents to this lawsuit. For the three patents that were in the original Complaint (*i.e.*, the '952, '652, and '686 Patents), Plaintiff's willfulness allegation avers that Logitech "has willfully infringed, directly and/or indirectly" only "since the filing of the First Complaint," which was filed on May 22,

2012. (*See* D.I. 3 at ¶¶ 20, 28 and 36.) For the other three patents, Plaintiff alleges only that Logitech "learned about" the '686, '099, and '873 Patents "with the filing of this First Amended Complaint," which was filed on September 12, 2012, and appears to limit its willfulness claim to ensuing conduct. (*See id.* at ¶¶ 44, 52 and 60.)

As indicated in *Execware, supra,* courts in this District have routinely dismissed willfulness claims that are exclusively grounded in post-filing conduct,[26] and have only allowed willfulness claims to proceed where a plausible basis for pre-lawsuit knowledge was alleged. *See Execware,* 2012 U.S. Dist. LEXIS 174885, at *20 (citing cases).

As in *HSM Portfolio LLC v. Fujitsu Ltd.,* C.A. No. 1:11-cv-00770-RGA, 2012 U.S. Dist. LEXIS 92167 (D. Del. Jul. 3, 2012), "[t]he factual support for the allegations of willfulness made in connection with the patents-in-suit are insufficient. There are none." *Id.* at *8-9. As in *Execware,* Plaintiff's unsupported "claim for willful infringement must fail." 2012 U.S. Dist. LEXIS 174885, at *20.

## VI.  ANY CAUSE OF ACTION THAT IS NOT DISMISSED UNDER RULE 12(b)(6) SHOULD BE MORE DEFINITIVELY STATED UNDER RULE 12(e)

To the extent that this Court does not dismiss one or more of Plaintiff's deficient infringement theories under Rule 12(b)(6), Plaintiff should be required to provide a more definite statement of its allegations under Rule 12(e), which provides in pertinent part as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is <u>so vague or ambiguous that the party cannot reasonably prepare a response</u>. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. ...

Fed. R. Civ. P. 12(e) (emphasis added).

---

[26] *See, e.g., Aeritas, LLC v. Alaska Air Group, Inc.,* C.A. No. 1:11-cv-00967-SLR, 2012 U.S. Dist. LEXIS 140038, at *11 (D. Del. Sept. 28, 2012) ("the court is not inclined to allow the mere notice of the charge of infringement gleaned from service of the complaint to pass muster for a willfulness claim").

As explained above, Plaintiff's Amended Complaint is "so vague or ambiguous" that Logitech "cannot reasonably prepare a response." Examples of the pleading defects include:

- Plaintiff has ambiguously pled many infringement theories in the alternative (*e.g.*, directly **or** indirectly infringing"; "contributing to **or** inducing infringement"; "willfully infringing, directly **and/or** indirectly").

- Plaintiff has vaguely pled indirect infringement such that it is unclear whether Plaintiff is limiting itself to post-filing relief.

- Plaintiff confusingly lumps all six Patents-in-suit together for purposes of alleging inducement.

- Plaintiff vaguely references contributory infringement (*i.e.*, "contributing to or inducing infringement of the [] Patent"), but has no basis to allege this theory.

These inadequacies require dismissal under Rule 12(b)(6). To the extent that this Court dismisses particular theories *without* prejudice and Plaintiff attempts to re-plead, any further amended pleading should provide at least the following details to try to remedy the above-listed defects assuming Plaintiff possesses a good faith basis for so pleading:

- Plaintiff should remove any alternative phrasing and separately plead each theory of infringement on a patent-by-patent basis as appropriate.

- In any amended pleading of direct infringement of a particular patent, Plaintiff should include "a statement that [Plaintiff] has given [Logitech] notice of its [alleged] infringement" on whatever date is alleged for each Patent-in-Suit.

- If Plaintiff is permitted to plead inducement based on Logitech's post-filing knowledge of the Patents-in-suit, any inducement theory should specify that inducement is limited to the specific date after which Logitech allegedly had actual knowledge of a particular Patent-in-suit, and should separately state any purported bases for Logitech's alleged specific intent to induce a specified class of "third parties" to directly infringe a particular Patent-in-suit.

- Plaintiff should drop all mentions of contributory infringement in any form (*e.g.*, "contributing to"), as it lacks a good faith basis to plead contributory infringement.

- Plaintiff should drop all allegations of willfulness, as it lacks a good faith basis to plausibly allege that Logitech had actual pre-lawsuit knowledge of any of the Patents-in-suit.

Plaintiff's disjunctive approach to pleading has left Logitech guessing as to the infringement theories that Plaintiff is pursuing, such that Logitech "'is unable to determine the issues [it] must meet.'" *Eidos Communications, LLC v. Skype Techs. SA*, C.A. No. 1:09-cv-

00234-SLR-MPT, 2010 U.S. Dist. LEXIS 118774, at \*10 (D. Del. Nov. 9, 2010) (quoting *Best Foods, Inc. v. General Mills, Inc.*, 3 F.R.D. 275, 278 (D. Del. 1943)).

## VII.   CONCLUSION

For the reasons set forth above, Logitech respectfully submits that Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to adequately state claims of direct infringement, inducement, contributory infringement, and willfulness.

Logitech acknowledges that this Court may make dismissal without prejudice with respect to at least direct infringement.  For any infringement theory that is dismissed without prejudice and that Plaintiff should attempt to re-plead, Plaintiff should be required to remove alternative phrasing and provide a level of detail that gives Logitech fair notice of the accusations against it.

Finally, for any infringement theory that is not subject to dismissal under Rule 12(b)(6), Logitech alternatively requests that Plaintiff be required to provide a more definite statement of its allegations under Rule 12(e), so that Logitech has clear notice of which infringement theories are being asserted against it and over what time frame.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

I. Neel Chatterjee
Zheng Liu
Anthony Tartaglio
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated:  January 11, 2013
1089620

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorney for Defendant Logitech Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that, on January 11, 2013, 2012, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 11, 2013 the within document was electronically mailed to the following persons:

## BY E-MAIL

Kevin A. Guerke, Esq.
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
*kguerke@svglaw.com*

*Attorneys for Plaintiff*
*Black Hills Media LLC*

R. Terrance Rader, Esq.
Glenn E. Forbis, Esq.
Rader, Fishman & Grauer PLLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
*rtr@raderfishman.com*
*gef@raderfishman.com*

*Co-Counsel for Plaintiff*
*Black Hills Media LLC*

*/s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com